# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2539

_____

United States of America,               *

                               *

        Appellee,         *

                               *   Appeal from the United States

    v.                       *   District Court for the

                               *   Eastern District of Missouri.

Scott Moore,                 *

                               *

        Appellant.       *

_____

Submitted: February 13, 2009
Filed: May 8, 2009

_____

Before RILEY, SMITH, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Scott Moore pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine, see 21 U.S.C. §§ 841(a)(1), 846. At sentencing, the district court determined, without objection from the parties, that Moore's offense level was 34 and his criminal history category was VI, yielding a United States Sentencing Guidelines range of 262-327 months. Moore requested a downward departure from the advisory Guidelines range or, in the alternative, a downward variance under 18 U.S.C. § 3553(a) based upon Moore's psychological

history and mental health. The district court[1] denied these requests and sentenced Moore to 262 months imprisonment. Moore appeals the sentence. We affirm.

Moore contends that the district court procedurally erred in refusing to depart downward under the Sentencing Guidelines, in failing to sufficiently consider the 18 U.S.C. § 3553(a) factors, and in failing to adequately explain its sentencing decision. "We review all sentences, whether inside or outside the Guidelines range, under a deferential abuse of discretion standard." United States v. Pepper, 518 F.3d 949, 951 (8th Cir.), cert. denied, 129 S. Ct. 138 (2008) (citing Gall v. United States, 128 S. Ct. 586, 597 (2007)). We first ensure that the district court did not commit a significant procedural error. Id. Such errors include "failing to calculate (or improperly calculating) the Guidelines range . . . failing to consider the § 3553(a) factors . . . or failing to adequately explain the chosen sentence . . . ." Gall, 128 S. Ct. at 597. "We review the district court's factual findings for clear error, and its application of the guidelines de novo." United States v. Blankenship, 552 F.3d 703, 704 (8th Cir. 2009).

Moore's claims are without merit. "We will generally not review a decision not to grant a downward departure unless the district court had an unconstitutional motive or erroneously thought it was without authority to grant the departure." United States v. Johnson, 517 F.3d 1020, 1023 (8th Cir. 2008). Moore does not suggest the district court denied a downward departure based upon an improper motive or that it believed that it was without authority to grant the departure. Indeed, the district court heard Moore's arguments for downward departure and recognized, on the record, that it possessed the authority to grant the same but declined to do so.

---

[1] The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

We apply a plain-error standard of review to Moore's claims that the district court failed to adequately consider the 18 U.S.C. § 3553(a) factors and failed to sufficiently explain its sentencing decision because Moore did not raise these claims at sentencing. See United States v. Phelps, 536 F.3d 862, 865 (8th Cir. 2008), cert. denied, 129 S. Ct. 1390 (2009) ("If a defendant fails to timely object to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error."). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." Id. (citing Johnson v. United States, 520 U.S. 461, 466-67 (1997) and Fed. R. Crim. P. 52(b)). Where plain error occurs, "an appellate court may exercise its discretion to correct a forfeited error only if it 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting Johnson, 520 U.S. at 467).

From our review of the sentencing record in this case, we conclude that the district court reviewed and considered the record, considered the arguments offered by Moore's attorneys as well as the 18 U.S.C. § 3553(a) factors, and that the district court gave ample explanation for the chosen sentence. The presentence report referred to Moore's mental health and substance abuse history, and the district court reviewed the presentence report in its entirety. Moore's attorney submitted mental health records to the district court, and the court complimented Moore's attorney for his work in submitting information in support of the requested downward departure or variance to the court. The court referred to 18 U.S.C. § 3553(a), and, in announcing and explaining the sentence, the court specifically referenced the nature and circumstances of Moore's offense, including the "degree and depth" of Moore's methamphetamine trafficking and the "sheer volume and quantity" of the methamphetamine involved. The court further referred to Moore's criminal history, both adult and juvenile. The district court's consideration of Moore's substance abuse and mental health history is also indicated by the fact that, as part of his sentence, the court ordered that Moore be evaluated for possible participation in the Bureau of Prison's Residential Drug Abuse Program and that he participate in drug abuse and

mental health treatment programs offered through the United States Probation Office while on supervised release.

We conclude that the district court considered the 18 U.S.C. § 3553(a) factors and adequately explained the chosen sentence. "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Rita v. United States, 127 S. Ct. 2456, 2468 (2007); see also United States v. Roberson, 517 F.3d 990, 994 (8th Cir. 2008) ("The appropriate length of the statement will vary by case and may be relatively brief if the district court rests its decision on the Sentencing Commission's reasoning and 'decides simply to apply the Guidelines to a particular case.'" (quoting Rita, 127 S. Ct. at 2468)). In explaining the sentence the district court need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita, 127 S. Ct. at 2468.

We also find that Moore's sentence is not unreasonable. We review a sentence for substantive reasonableness by applying an abuse-of-discretion standard. Gall, 128 S. Ct. at 594; United States v. Hill, 513 F.3d 894, 898 (8th Cir. 2008). We may find an abuse of discretion where the sentencing court "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Kowal, 527 F.3d 741, 749 (8th Cir.), cert. denied, 129 S. Ct. 612 (2008) (quotation omitted). This sentence, at the bottom of the Guidelines range, is presumed reasonable. Rita, 127 S. Ct. at 2462. Further, the district court stated its reasons for the chosen sentence and considered the 18 U.S.C. § 3553(a) factors. Accordingly, the district court did not abuse its discretion.

The district court's judgment is affirmed.

_____