# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1411

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| James E. Williams, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  November 18, 2009
Filed:  January 8, 2010

_____

Before WOLLMAN, RILEY, and SHEPHERD, Circuit Judges.

_____

RILEY, Circuit Judge.

James E. Williams (Williams) appeals the sentence he received after he pled guilty to making a threatening telephone communication, in violation of 18 U.S.C. § 875(c).  Williams claims the district court[1] erred in imposing a two-level sentencing enhancement under United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 3B1.4 for use of a minor in the commission of the offense.  We affirm.

_____

[1]The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

## I.    BACKGROUND

In June 2008, Williams was an inmate at the Federal Prison Camp in Yankton, South Dakota, serving a 70-month sentence for possession with intent to distribute cocaine base.[2] Williams's wife resided in Missouri. Williams became frustrated when his wife cut off contact with him and he could not reach her to make plans for an upcoming furlough. On June 12, 2008, Williams left two threatening messages on his wife's voicemail. Prison employees monitored Williams's telephone calls and recorded the messages on the prison phone system.

In order to reach his wife's voicemail, Williams placed a call to his mother and requested that she make a three-way call to the cellular phone of Williams's wife. Williams's mother summoned Williams's 16 year-old niece and told the niece to talk with Williams. Williams gave his niece a phone number and instructed her to call the number. When the first number failed to reach his wife, Williams gave his niece a second number to dial. Williams directed his niece to let the answering service pick up the call, and when prompted, Williams instructed his niece to press "1" so he could leave a message. In the message, Williams threatened his wife that if she planned to "run off and leave" Williams, no one in her family would "be able to protect" her from Williams. Williams then instructed his niece to hang up the connection with his wife and said, "I'm going to kill that bitch."

Williams asked to speak to his mother. Williams talked to his mother, and then told his mother to put his niece back on the phone. Williams directed his niece to dial his wife's number again, and Williams left a second voicemail on his wife's phone, declaring:

---

[2]Williams initially received a sentence of 84 months imprisonment. Williams's sentence was reduced to 70 months imprisonment as a result of the crack cocaine amendments to the Guidelines.

> Yeah, I'm going to kill your m_____-f_____ ass. . . . I'm going to kill you and your m_____-f_____ family just as soon as I get up out of this m_____-f_____. I'm going to kill you, your family, your daughter, your son, your uncle, your daddy, your mom. I'm killing all of you m_____-f_____s.

The niece disconnected at Williams's direction.

A federal grand jury charged Williams with two counts of making a threatening telephone communication, in violation of 18 U.S.C. § 875(c). Section 875(c) states: "Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both." Williams pled guilty to Count 1 of the indictment, and Count 2 was dismissed on the government's motion.

A presentence investigation report (PSR) prepared for Williams recommended a two-level sentencing enhancement pursuant to U.S.S.G. § 3B1.4. Section 3B1.4 instructs, "If the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense, increase by 2 levels." Williams objected to this portion of the PSR and denied he used a minor to commit the offense.

On February 5, 2009, the district court sentenced Williams. The district court considered Williams's objection to the sentencing enhancement for use of a minor in the commission of the offense. Williams's counsel argued Williams "did not intend to use the minor, she just happened to be there." The district court overruled Williams's objection, stating:

> [I]t is pretty clear to me that the 16 year old niece was used by the defendant to assist him in committing the offense. She is the one that

dialed the number at his direction, he specifically told her what number to dial, told her to hang up the call, told her to dial the number again, told her to hang up the phone call, directed her to dial a number again, told her to click it off and call again. When there was a message on the phone he specifically told the niece to press 1, told her to hang up the phone. At one point, he specifically asked his mother to put his niece on the telephone, and then gave her all of these directions on what she should do. I think that squarely falls under Section 3B1.4, because he used a person under the age of 18 to commit the crime.

With the addition of the two-level enhancement for use of a minor, Williams's total offense level was 12, and his criminal history category was IV, resulting in an advisory Guidelines range of 21 to 27 months imprisonment. The district court sentenced Williams to 21 months imprisonment and 3 years supervised release.

## II.    DISCUSSION

"We review the district court's construction and application of the sentencing guidelines de novo, and we review its factual findings regarding enhancements for clear error." United States v. Cordy, 560 F.3d 808, 817 (8th Cir. 2009).

Williams contends the district court erred in imposing the U.S.S.G. § 3B1.4 enhancement for two reasons. First, Williams argues it was his mother, not Williams, who requested Williams's niece to assist Williams in placing the phone calls. Second, because Count 2 of the indictment was dismissed, Williams insists the district court erroneously relied upon conduct which occurred after the completion of the first call to find Williams used his minor niece to commit the offense.

In making his first argument that § 3B1.4 does not apply, Williams focuses solely on the fact that Williams did not himself recruit his niece to participate in making the phone call. Williams fails to recognize that the term "use" is not limited to active recruitment of a minor to participate in an offense. Application Note 1 to U.S.S.G. § 3B1.4 states: "'Used or attempted to use' includes **directing, commanding**, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting." (emphasis added). Although Williams's mother initially requested Williams's niece get on the phone, Williams then assumed control, and gave his niece explicit directions and commands, including which numbers to dial, how to place the calls, and when to hang up. Williams affirmatively incorporated his minor niece into the commission of his crime. We conclude Williams's conduct does squarely fall under § 3B1.4's definition of "use," and the district court did not err in imposing the two-level enhancement.

Williams next objects to the district court's reliance on conduct which occurred after the termination of the first call. While Williams objected to the imposition of a § 3B1.4 enhancement, he did not raise any objection to the district court's reference to the second phone call. "Procedural sentencing errors are forfeited, and therefore may be reviewed only for plain error, if the defendant fails to object in the district court." United States v. Burnette, 518 F.3d 942, 946 (8th Cir. 2008) (citation omitted). The reason we review for plain error under these circumstances is because, without an objection at sentencing, "the district court had no opportunity to clarify its comments or to correct any potential error in the first instance." United States v. M.R.M., 513 F.3d 866, 870 (8th Cir.), cert. denied, 129 S. Ct. 171 (2008). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." United States v. Moore, 565 F.3d 435, 437 (8th Cir. 2009) (quoting United States v. Phelps, 536 F.3d 862, 865 (8th Cir. 2008)). We conclude the district court did not commit plain error because, as we stated above, Williams's conduct during the first phone call was sufficient to warrant the § 3B1.4 enhancement.

## III. CONCLUSION

We affirm the district court's judgment.

_____