# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-3072

_____

United States of America

*Plaintiff - Appellee*

v.

Justin James Rodriguez, also known as Justin James Lee Rodriguez, also known as Justin James Hunter

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: March 11, 2013
Filed: April 5, 2013
[Unpublished]

_____

Before WOLLMAN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Justin James Rodriguez pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court[1] sentenced Rodriguez to 108 months of imprisonment. Rodriguez appeals, contending the district court's sentence is substantively unreasonable. We affirm.

Rodriguez was charged with unlawfully possessing a firearm after police discovered a photo on his cellular phone of Rodriguez posing with a gun in his cousin's apartment. At sentencing, the district court stated it intended to vary downward from the 120-month statutory maximum due to the lack of immediate danger posed to the public by Rodriguez's possession of the gun, as well as his challenging upbringing, which included difficult family circumstances and an addiction to alcohol he developed at an early age. At the same time, the court noted the extent of the variance was limited by Rodriguez's lengthy criminal history, which the court found "as extensive as can be given someone [Rodriguez's] age." Sent. Tr. 14.

We review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). An abuse of discretion occurs when the district court "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Moore, 565 F.3d 435, 438 (8th Cir. 2009) (quotation and citation omitted).

The district court stated its reasons for the sentence handed down after considering the 18 U.S.C. § 3553(a) factors. A sentencing court has "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

-2-

others in determining an appropriate sentence." <u>United States v. Bridges</u>, 569 F.3d 374, 379 (8th Cir. 2009). In this case, the district court's decision to balance the mitigating factors of Rodriguez's upbringing and the nature of the offense against the aggravating factor of Rodriguez's criminal history is well within the considerable discretion of the district court. We can find no basis for concluding Rodriguez's sentence was substantively unreasonable.

The judgment of the district court is affirmed.

_____