# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1923
_____

United States of America

*Plaintiff - Appellee*

v.

Dshaun J. Butler

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 18, 2013
Filed: February 26, 2014

_____

Before RILEY, Chief Judge, MELLOY and KELLY, Circuit Judges.

_____

RILEY, Chief Judge.

Dshaun J. Butler pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Butler appeals the sentence the district court[1] imposed, arguing the district court "erred procedurally by failing to

_____

[1]The Honorable David Gregory Kays became Chief Judge of the United States District Court for the Western District of Missouri on January 4, 2014.

adequately explain its basis" for varying upward from Butler's advisory United States Sentencing Guidelines (Guidelines) range. We disagree and affirm.

## I.    BACKGROUND

On February 8, 2012, Butler pled guilty to being a felon in possession of a firearm. Before sentencing, the United States Probation Office prepared a presentence investigation report calculating an advisory Guidelines range of 46 to 57 months imprisonment (level 17, category V). Butler objected to the inclusion of a certain state conviction in his criminal history calculation because that conviction was vacated and subject to de novo review in state court. The district court overruled Butler's objection and sentenced Butler to 57 months imprisonment. In imposing Butler's sentence, the district court stated it considered varying upward, but determined 57 months was the appropriate sentence for Butler based upon the district court's analysis of the 18 U.S.C. § 3553(a) sentencing factors. Butler timely appealed his sentence.

While Butler's initial appeal was pending, we granted his unopposed motion for remand to the district court for resentencing in light of the state court's dismissal of the contested conviction. On remand, the district court—accounting for the state court dismissal—recalculated Butler's advisory Guidelines range to be 37 to 46 months imprisonment (level 17, category IV). After considering Butler's arguments and the lower advisory Guidelines range, the district court varied upward and again sentenced Butler to 57 months imprisonment based upon the 18 U.S.C. § 3553(a) sentencing factors. Butler appeals.

## II.    DISCUSSION

"After settling on the appropriate sentence, [a district court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall v. United States, 552 U.S. 38, 50 (2007); see also 18 U.S.C. § 3553(c) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence."). "[F]ailing to

adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range"—constitutes procedural error. Gall, 552 U.S. at 51.

Butler argues the district court committed procedural error at resentencing by failing "to adequately explain its basis for imposing the same sentence despite [Butler's] reduced guideline range." In Butler's view, his receipt of the same sentence on remand "create[s] an impression that [he] was sentenced more harshly following his successful appeal." Because Butler did not raise this objection at sentencing, we review for plain error. See United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc); Fed. R. Crim. P. 52(b). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." United States v. Vaughn, 519 F.3d 802, 804 (8th Cir. 2008). The "appellate court may then exercise its discretion to notice a forfeited error . . . if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Johnson v. United States, 520 U.S. 461, 467 (1997) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)) (internal marks omitted).

Having thoroughly reviewed the record, we are satisfied the district court committed no error, plain or otherwise, in imposing or explaining Butler's sentence. "In explaining the sentence the district court need only 'set forth enough to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Moore, 565 F.3d 435, 437 (8th Cir. 2009) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). The district court did that and more.

After reviewing the record from the first sentencing and considering the parties' respective arguments regarding the appropriate sentence on remand, the district court articulated specific reasons for varying upward and imposing the same 57-month sentence, "even though the guidelines ha[d] lessened for [Butler]." In imposing Butler's sentence on remand, the district court expressly reconsidered all of the 18

U.S.C. § 3553(a) sentencing factors as applied to Butler, including Butler's violent criminal history, lack of impulse control, failure to contribute to society or support his children, and his "fundamental lack of respect for law." The district court also considered the nature of Butler's crime, the need for deterrence, and the need to protect the public. The district court then concluded 57 months imprisonment—though now an upward variance from the Guidelines—remained the appropriate sentence because the district court's reassessment of the 18 U.S.C. § 3553(a) factors "came out the same" as its analysis for the initial sentencing. No further explanation was required.

And there is absolutely nothing in the record to "create an impression" that the district court varied upward in retaliation for Butler appealing his initial sentence. To the contrary, at Butler's initial sentencing, the district court considered varying upward from the advisory Guidelines range based on its thorough analysis of the 18 U.S.C. § 3553(a) factors, but determined 57 months was the appropriate sentence to meet the goals of sentencing under the circumstances. That the district court reached the same conclusion and imposed the same sentence based upon its reassessment of those same statutory factors following remand does not suggest Butler's resentencing was retaliatory or otherwise unfair.

## III. CONCLUSION

We affirm the judgment of the district court.

_____