# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-3895

_____

United States of America

*Plaintiff - Appellee*

v.

Dennis L. Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: January 11, 2016
Filed: February 23, 2016
[Unpublished]

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Dennis Williams pled guilty to distribution of cocaine base in violation of 21 U.S.C. § 841. At sentencing, his advisory guideline range was calculated to be 130

to 162 months. The district court[1] sentenced him to 130 months. Williams now appeals his sentence, arguing that the district court should have varied downward from the guidelines. We affirm.[2]

When reviewing a sentence we apply a deferential abuse of discretion standard. United States v. Gall, 552 U.S. 38, 41 (2007). We ensure the district court committed no significant procedural error, such as failing to consider the 18 U.S.C. § 3553(a) factors or failing to give adequate explanation for its chosen sentence. Id. at 51. If there is no procedural error, we consider the substantive reasonableness of the sentence. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). We may apply a presumption of reasonableness to a sentence within the guideline range. Id. Williams argues that the district court placed too much weight on his criminal history and not enough on factors supporting a downward variance, such as the environment in which Williams was raised, his renewed involvement in his religion, and his completing carpentry and barber training in prison.

We conclude that the district court did not commit any procedural error or otherwise abuse its discretion in sentencing Williams. The sentencing record shows that the court considered Williams' arguments and elocution before imposing its sentence. The court stated it understood Williams "really want[s] to be a useful and productive citizen," as well as having "faith now . . . and that's very important to me." In explaining its sentence a district court is only required to show it considered the

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri

[2]Williams has moved on appeal to file a pro se supplemental brief arguing his sentence violates Alleyne v. United States, 133 S. Ct. 2151 (2013). A district court is permitted under Alleyne to rely on facts not found by a jury when calculating the sentencing guideline range to select a sentence within statutory limits. United States v. Bennett, 765 F.3d 887, 897 (8th Cir. 2014). The motion to file a pro se brief is denied.

parties' arguments and had a reasoned basis for its sentence.  <u>United States v. Butler</u>, 743 F.3d 645, 647 (8th Cir. 2014).  The 130 month sentence imposed in this case was the bottom of the guideline range and reasonable.

The judgment of the district court is affirmed.

_____