# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1441

_____

United States of America

*Plaintiff - Appellee*

v.

John T. Beyers

*Defendant - Appellant*

_____

No. 16-1443

_____

United States of America

*Plaintiff - Appellee*

v.

John T. Beyers

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 14, 2016
Filed: April 27, 2017

_____

Before RILEY,[1] Chief Judge, SMITH and KELLY, Circuit Judges.

_____

RILEY, Chief Judge.

John Beyers was caught with child pornography in May 2013, less than a year after getting out of prison for a 2007 child-pornography conviction. Beyers pled guilty to accessing and possessing child pornography, see 18 U.S.C. § 2252(a)(4)(B), and possessing child obscenity, see id. § 1466A(b)(2), and also admitted violating the terms of his supervised release. The district court[2] sentenced Beyers to the statutory mandatory minimum for each offense—ten years for the 2013 counts and five for the supervised-release violation, see id. §§ 2252(b)(2), 3583(k)—and ran the sentences for the new conduct concurrently to each other, but consecutively to the revocation sentence. See id. § 3584(a) (concurrent and consecutive sentences). Beyers argues making the sentences consecutive was an abuse of discretion and his resulting fifteen-year term of imprisonment is substantively unreasonable. See 28 U.S.C. § 1291 (appellate jurisdiction); United States v. Moore, 565 F.3d 435, 437-38 (8th Cir. 2009) (abuse-of-discretion standard of review). Beyers's appeal centers on how the district court weighed different aspects of his background in reaching its decision.

_____

[1]The Honorable William Jay Riley stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 10, 2017. He has been succeeded by the Honorable Lavenski R. Smith.

[2]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

First, Beyers identifies three mitigating factors he says the district court ignored. Two of these are childhood traumas that, according to Beyers, "have influenced his behavior and his addiction to child pornography": the sexual abuse Beyers himself suffered when he was a young child and Beyers's father committing suicide when Beyers was a teenager. The third mitigating factor is Beyers's amenability to therapy and desire for treatment.

The district court did not ignore these matters—they were a major focus of Beyers's sentencing hearing. The district court heard about Beyers's background, past treatment, and wish for help "get[ting] out from underneath [his addiction]" from both Beyers and a therapist who reviewed Beyers's file and interviewed him. The district court actively questioned both of them about the treatment options available to Beyers during his incarceration. The district court directly responded to Beyers's argument about his need for treatment when it told him "this is ultimately your responsibility and something that you have to take control of, and there's only so much that others can do to help you address this problem."

"[W]here the district court heard argument . . . about specific . . . factors, we may presume that the court considered those factors" even if the court did not address them expressly. United States v. Keating, 579 F.3d 891, 893 (8th Cir. 2009). Here, where the district court did expressly address the essence of Beyers's position—that he must recognize his problem and where it comes from and must want to overcome it, and needs more and better help to do so—we are satisfied the district court did not "'fail[] to consider a relevant factor that should have received significant weight.'" Moore, 565 F.3d at 438 (quoting United States v. Kowal, 527 F.3d 741, 749 (8th Cir. 2008)).

On the other side of the scale, Beyers argues the district court should not have faulted him for "argu[ing] [he had] never harmed anyone." According to Beyers, he misspoke when he said, in his allocution, "I've never hurt any person." Beyers insists

-3-

he fully appreciates the "devastating" harm caused by the production and use of child pornography, having been sexually abused as a child himself, and just meant "he had not *physically* hurt a child through actual sexual contact." The record makes clear the district court knew what Beyers meant and simply took issue with how he said it. In the district court's words: "I understand what you're saying, but the problem is this is a very serious offense that has devastating consequences to the victims of this offense." Although the district court made a point of repudiating Beyers's literal claim, its explanation for running the sentences consecutively focused on the severity of what Beyers did and his history of failed treatment rather than on this isolated statement. Further, even if the district court's ruling was attributable in some part to Beyers's unfortunate phrasing, we see no abuse of discretion in viewing Beyers's emphasis on crimes he did not commit as potentially reflecting a failure to come to terms with the "devastating consequences to the victims of this offense."[3]

We also reject Beyers's claim that the district court improperly punished him for "point[ing] out deficiencies in the treatment he received" before and after his 2007 conviction. He is referring to the district court's statement: "I'm really troubled by this consistent argument—or at least explanation, maybe, would be a better phrase—that the treatment wasn't sufficient." Beyers counters with assertions about what the record does and does not show—"[t]here is no factual support in the record to buttress the notion that therapy would not work or that Mr. Beyers was somehow responsible for his lack of success in his past efforts" and, to the contrary, parts of the record affirmatively "suggest[] that there was a problem with the sex offender

---

[3]Similarly, in response to Beyers's suggestion that the fact he never physically abused a child "should have been [a] mitigating factor[]," we simply observe that Beyers was sentenced for accessing and possessing pornographic and obscene pictures of children, see 18 U.S.C. §§ 2252(a)(4)(B), 1466A(b)(2), nothing else. Had Beyers committed other crimes, he would have faced the possibility of other charges and a longer sentence. In short, the hypothetical crimes Beyers did not commit do not mitigate the real ones he did.

treatment" Beyers received.  That response aims at the wrong target.  The sort of evidence Beyers describes (or its absence) goes to whether Beyers's explanation that he reoffended because the system failed him was accurate, but that is not the issue the district court addressed.

Rather, the district court thought Beyers's proffered explanation was significant and troubling primarily because, in the district court's view, Beyers's focus on the failure of his past treatment—whoever was to blame—implied he did not fully accept that his new crimes were still "ultimately [his] responsibility."  The district court's comments also suggest Beyers's past inability to control his conduct through treatment (again, whatever the cause or the quality of the treatment) contributed to the district court's "concern" about the risk of Beyers reoffending again and the need to protect the public.  See 18 U.S.C. § 3553(a)(2)(C).  Both lines of reasoning and concern strike us as entirely reasonable.  Neither was an abuse of discretion.

Beyers's last argument is that, in making his sentences consecutive, the district court clearly misjudged the proper balance between the various sentencing factors it weighed.  On this point, Beyers mainly just repeats his theories about which factors the district court should and should not have considered.  The only real addition is Beyers's suggestion that the district court should have given him more credit for recognizing his "problem" and wanting to change, because "[a]cting as [one's] own mental health advocate and asking for better therapy . . . is taking responsibility."  Yet "'[a] sentencing court has wide latitude to weigh the section 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.'"  United States v. Richart, 662 F.3d 1037, 1054 (8th Cir. 2011) (quoting United States v. Lozoya, 623 F.3d 624, 627 (8th Cir. 2010)); see also id. ("Simply because the district court weighed the relevant factors more heavily than [a defendant] would prefer does not mean the district court abused its discretion.").  The district court's decision to run the sentences consecutively was also reinforced by

other considerations whose countervailing weight Beyers does not address at all, notably the district court's "concern" that accessing and possessing child pornography "creates a danger to the public" and that "the ramifications [for violating the terms of supervised release] have to be appropriate."

The relevant policy statement from the U.S. Sentencing Commission recommends making prison terms for violating supervised-release conditions consecutive to any other sentences. <u>See</u> United States Sentencing Guidelines § 7B1.3(f) & cmt. n.(4). It was not an abuse of discretion for the district court to follow that advice here.

Beyers's sentences are affirmed.

_____