# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3132
_____

United States of America

*Plaintiff - Appellee*

v.

Anthony D. Sisco

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 13, 2022
Filed: July 29, 2022
[Published]

_____

Before LOKEN, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Anthony Sisco appeals the denial of his Section 404 First Step Act motion. Because the district court[1] conducted a complete review of Sisco's motion and provided a reasoned basis for its denial, we affirm.

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

# I.

## A.

On July 13, 2006, Anthony Sisco pleaded guilty to possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). While on release awaiting sentencing, Sisco and his brother were involved in a bar fight on October 16, 2006, during which Sisco shot and killed one man and assaulted another. Sisco was charged with murder, assault, and armed criminal action in Missouri state court.

On September 7, 2007, Sisco was sentenced on the federal drug offense. The district court calculated a total offense level of 34 and a criminal history category II, resulting in a United States Sentencing Guidelines advisory range of 168 to 210 months of imprisonment. The government moved for an upward departure pursuant to USSG §§ 4A1.3 and 5K2.0(a)(2). The district court heard evidence about the events of October 16, 2006, including a video of the altercation and testimony from a police detective, and granted the motion. The court sentenced Sisco to 480 months of imprisonment, the then-applicable statutory maximum. See 21 U.S.C. § 841(b)(1)(B)(iii) (2004). Sisco appealed. This court dismissed the appeal, concluding that the appeal fell within the scope of a valid appeal waiver, and that the district court's reliance on the facts underlying the state murder charge, to which Sisco did not object, did not constitute a miscarriage of justice. United States v. Sisco, 576 F.3d 791, 795–97 (8th Cir. 2009).

After Sisco's appeal was final, a jury acquitted him of the charges in state court, where he asserted self-defense at trial.

## B.

In 2013, Sisco moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c), based on Guidelines Amendment 750, which altered the Guidelines drug

quantity table to match the Fair Sentencing Act reduction in the crack-to-powder cocaine sentencing ratio to 18:1. See Terry v. United States, 141 S. Ct. 1858, 1861–62 (2021) (describing background of crack cocaine sentencing changes). After Amendment 750, Sisco's total offense level was 28 and the recalculated advisory range was 87 to 108 months. The district court granted the motion, but only reduced Sisco's sentence to 240 months, equivalent to the then-applicable statutory maximum for his offense of conviction, see 21 U.S.C. § 841(b) (2010), finding the "reduction reflects approximately the same proportional increase imposed" at the original sentencing. Sisco filed a second motion for sentence reduction on November 3, 2014, this time based on Guidelines Amendment 782, which adjusted the drug quantity tables to match statutory minimum sentences. Nearly three years later, on August 28, 2017, the court denied the motion. While it found Sisco eligible for a reduction, the district court declined to reduce his sentence due to the upward departure imposed at his original sentencing.

Then, on January 2, 2019, Sisco filed a motion for a sentence reduction pursuant to Section 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. On January 14, 2021, the district court found Sisco eligible for a sentence reduction and directed the probation office to prepare an addendum to Sisco's presentence investigation report. The probation office concluded that under the First Step Act, the statutory maximum sentence for Sisco's federal drug offense was 20 years of imprisonment, and his Guidelines advisory range was 70 to 87 months.

The district court held a hearing on the motion, where Sisco pointed out that the surveillance videos of the bar fight presented at his original sentencing were shorter than the videos presented at his state trial. This difference was material, according to Sisco, because these full-length, light-enhanced videos show two other men alternatingly carrying an AR-15 in the bar prior to the fight. Sisco also emphasized that neither the original sentencing court nor the Eighth Circuit knew that a jury would acquit Sisco of the state charges when his federal sentence was imposed and affirmed on appeal. Nonetheless, the district court denied Sisco's motion, deferring to the original sentencing decision to impose an upward departure

to the statutory maximum. The district court concluded the videos as presented at the state trial would not have changed the original sentencing court's view of Sisco's conduct while on release pending sentencing. Sisco timely appealed.

## II.

"We review de novo the applicability of the First Step Act to a defendant's case, including whether a defendant is eligible for a sentence reduction. We review for an abuse of discretion the district court's decision to grant or deny an authorized sentence reduction." United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019) (citations omitted). The government does not dispute Sisco's eligibility for relief, and we therefore review the district court's exercise of discretion only.

Sentence reduction pursuant to Section 404 of the First Step Act is discretionary, not mandatory. See First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). Under our precedent, a district court's discretion over motions for sentence reduction pursuant to Section 404 is cabined by a requirement that the court conduct a "complete review of the motion" and provide a "reasoned basis" for its exercise of discretion. United States v. Moore, 963 F.3d 725, 728 (8th Cir. 2020) (quotations omitted). The district court may, but need not, analyze the § 3553(a) factors when deciding whether to grant a motion for sentence reduction. United States v. Holder, 981 F.3d 647, 650 (8th Cir. 2020).

Here, the district court conducted a complete review of Sisco's motion and provided a reasoned basis for denying it. The district court found Sisco eligible for a sentence reduction, ordered the parties to submit briefing, and sought supplemental information from the probation office. The court then held a hearing at which the parties presented evidence and argued in support of their respective positions. In other words, the district court considered Sisco's arguments as required for conducting a complete review of the motion. See Moore, 963 F.3d at 728 ("A complete review of the motion means that a district court considered petitioner's

arguments in the motion." (cleaned up) (quotations omitted)). The district court also provided a reasoned basis for denying the motion. The court found that the longer, enhanced video would not have changed the mind of the original sentencing judge and observed that conduct not resulting in a conviction may nonetheless support an above-Guidelines sentence. This is "enough to satisfy the appellate court that [the district court] considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." United States v. Booker, 974 F.3d 869, 871 (8th Cir. 2020) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). The district court did not abuse its discretion.

Sisco's arguments to the contrary are unavailing under our precedent. First, Sisco argues that the district court improperly treated the reduced Guidelines range as irrelevant. We have emphasized that a First Step Act motion for sentence reduction does not require the same procedures as an initial sentencing. United States v. Black, 992 F.3d 703, 705 (8th Cir. 2021). Even so, the district court here calculated and considered the lower Guidelines range but found that the circumstances did not warrant a sentence within that range. Sisco maintains that failing to rely on the Guidelines range frustrates the First Step Act's remedial purpose of decreasing the disparate treatment of crack and powder cocaine for sentencing purposes. We recognize the significance of this remedial purpose, but we also presume that the district court considered the policy change embodied by the First Step Act, which the parties brought to the court's attention at the hearing. And a district court's reliance on factors other than the reduction in the crack-powder sentencing disparity when deciding a motion for reduced sentence does not necessarily constitute an abuse of discretion. See, e.g., United States v. Shepard, 8 F.4th 729, 732–33 (8th Cir. 2021).

Second, Sisco contends the district court abused its discretion by relying on acquitted conduct to deny his motion. Sisco acknowledges that it is settled law in this circuit "that the Constitution does not preclude a district court from considering acquitted conduct in sentencing a criminal defendant." United States v. Stroud, 673 F.3d 854, 863 (8th Cir. 2012) (quoting United States v. Papakee, 573 F.3d 569, 576

(8th Cir. 2009)).  But he argues that, in this case, the original sentence was premised on an assumption that his conduct was in fact criminal, and that the state jury's later acquittal proved this premise to be false.  It is true that the original sentence was imposed before the acquittal.  But the record shows that Sisco's original sentence was based on what the court deemed extremely dangerous conduct, not on the likelihood of a conviction.  The district court expressly found that the acquittal and video evidence would not have affected the initial decision to impose an upward departure.  Under the law of this circuit, the district court neither violated Sisco's constitutional rights nor abused its discretion by considering acquitted conduct in deciding the motion for sentence reduction.

## III.

For the foregoing reasons, we affirm the judgment of the district court.

_____