# United States Court of Appeals
## For the Eighth Circuit

—————————————————

No. 22-1495

—————————————————

United States of America

*Plaintiff - Appellee*

v.

Brian White, also known as Shoes, also known as Kinloch

*Defendant - Appellant*

—————————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

—————————————

Submitted: February 13, 2023
Filed: April 20, 2023
[Unpublished]

—————————————

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

—————————————

PER CURIAM.

In 2003, Brian L. White pled guilty to conspiracy to possess with intent to distribute heroin, cocaine, and crack; distribution of heroin and cocaine; being a felon in possession of a firearm; and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 922(g) and 924(c)(1)(A) and 21

U.S.C. §§ 841(a)(1) and 846.  The district court sentenced him to 400 months in prison.

In 2014, White moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court reduced his sentence to 335 months.  In 2019, he moved for a sentence reduction under Section 404(b) of the First Step Act.  He requested time served.  The district court[1] determined he was eligible for a reduction.  It reduced his sentence by 13 months, to 322 months. White appeals.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

The parties agree that White qualifies for a reduction under Section 404(b) of the First Step Act.  But White asserts the district court should have reduced his sentence by more than 13 months.  A reduction under Section 404(b) "is discretionary, not mandatory." *United States v. Sisco*, 41 F.4th 1032, 1035 (8th Cir. 2022).  This discretion is "cabined by a requirement that the court conduct a complete review of the motion and provide a reasoned basis for its exercise of discretion." *Id*. (internal quotation marks omitted).  This court reviews the reduction for abuse of discretion.  *United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019).[2]

I.

White claims the district court relied on a "clearly erroneous assessment of relevant factors" because it misstated the level of his leadership enhancement.

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.  The Honorable Stephen N. Limbaugh, Sr. imposed White's initial 400-month sentence.  The Honorable Charles A. Shaw reduced the sentence to 335 months in 2015.

[2]The government argues the first issue should be reviewed for plain error because White did not object to the district court's "Memorandum and Order" on this basis.  White argues abuse of discretion.  This court need not decide the issue because his argument fails under either standard.

Requesting a reduction, White asked the court to consider the disparity between his sentence and that of the only other supervisor of the conspiracy. The district court rejected this argument, in part, because it said White received a four-level enhancement for leading the conspiracy while the co-conspirator received a three-level enhancement. While this single statement was inaccurate (White also received a three-level enhancement), the district court discussed multiple other reasons White's sentence was higher. These included that the co-conspirator: (1) was convicted of only one count of conspiracy; (2) did not also receive an additional consecutive sentence for possession of a firearm in furtherance of drug trafficking; and (3) had a significantly lower criminal history category. These reasons show the district court did not err in declining to further reduce White's sentence based on his co-conspirator's sentence. *See United States v. Hill*, 31 F.4th 1076, 1081 (8th Cir. 2022) (noting this court "can affirm on any basis supported by the record").

## II.

White contends the district court abused its discretion in weighing the § 3553(a) factors. Specifically, he says the court erred in "discounting Mr. White's scholastic efforts," considering "his prior record of mostly teenage offenses," and discussing his "refusal of a COVID-19 vaccination." The court noted White's "positive steps while incarcerated, including his work towards obtaining his GED." It empathized with his "personal tragedies and his desire to return to his family and maintain a productive job." However, the court found "his conduct violations at the BOP," including drug and alcohol use, refusing to obey orders, insolence, fighting, and threatening a staff member, do "not weigh in favor of a sentence reduction to time served." The district court is permitted, but not required, to analyze the § 3553(a) factors when deciding "a permissive reduction in sentence." *United States v. Holder*, 981 F.3d 647, 650 (8th Cir. 2020). Moreover, "[a] sentencing court has wide latitude to weigh the section 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Beyers*, 854 F.3d 1041, 1044 (8th Cir. 2017). Reversal is "not appropriate simply because the district court did not weigh the § 3553(a) factors" as White

preferred. *United States v. Noriega*, 35 F.4th 643, 652 (8th Cir. 2022). Finally, the court did not improperly consider White's failure to vaccinate. Rather, it said it was "sympathetic" to his "fears of infection" but found these fears uncompelling given his refusal of the vaccine. *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (holding that without "a compelling reason" to refuse vaccination, "a district court would abuse its discretion by granting a motion seeking a sentence reduction under § 3582(c)(1)(A)(i) on the grounds that COVID-19 constitutes an extraordinary and compelling justification").

The district court conducted a complete review of White's motion and provided a reasoned basis for its decision. *See Sisco*, 41 F.4th at 1035. The court did not err in declining to reduce his sentence by more than 13 months.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____