# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2911
_____

United States of America

*Plaintiff - Appellee*

v.

Isaac Roubideaux

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: December 7, 2023
Filed: December 15, 2023
[Unpublished]
_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

A jury convicted Roubideaux of discharge of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 1); assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 1153 (Count 2); assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153 (Count 3); commission of a crime of violence after failing to register as a sex

offender, in violation of 18 U.S.C. § 2250(a) and (d)(1) (Count 4); 2 counts of failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a) (Counts 5, 6); possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 7); and possession of a firearm by a drug user, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (Count 8).

In sentencing Roubideaux, the district court grouped the counts, excluding Counts 1 and 4 from grouping because each had a mandatory consecutive imprisonment term, and calculated a Guidelines imprisonment range for the remaining counts of 60-71 months (increased from 57-71 months by the 60-month statutory minimum sentence for Count 4). The court imposed sentences of 120 months for Count 1, 71 months for Count 2, 120 months for Count 3, 60 months for Count 4, and 71 months for Count 7, stating that each would "run consecutively to all other counts"; and sentences of 60 months for Count 5, 60 months for Count 6, and 71 months for Count 8, stating that they would run concurrently to each other. The court stated that it had varied 49 months above the top of the Guidelines range for Count 3, and calculated a total sentence of 442 months.

In a brief filed under Anders v. California, 386 U.S. 738 (1967), counsel challenged the sufficiency of the evidence at trial and the reasonableness of Roubideaux's sentence. After independent review under Penson v. Ohio, 488 U.S. 75 (1988), we directed the parties to address additional sentencing issues. Both parties have filed supplemental briefs requesting resentencing.

Initially, we conclude that the evidence presented at trial, which included multiple eyewitnesses and DNA, was sufficient to support Roubideaux's conviction. See United States v. Timlick, 481 F.3d 1080, 1082 (8th Cir. 2007) (sufficiency of evidence to sustain conviction is reviewed de novo); United States v. Spears, 454 F.3d 830, 832 (8th Cir. 2006) (appellate court does not weigh evidence or assess

-2-

credibility of witnesses and will reverse only if no reasonable jury could have found defendant guilty beyond reasonable doubt).

As to the sentencing issues, we conclude that procedural errors existed in calculating the sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (appellate court reviews sentence under deferential abuse-of-discretion standard, first ensuring that district court committed no significant procedural error; procedural error includes failing to calculate, or improperly calculating, Guidelines range); United States v. Moore, 565 F.3d 435, 437 (8th Cir. 2009) (unobjected-to procedural sentencing error is reviewed under plain error standard). Thus, we conclude that resentencing is warranted. See Molina-Martinez v. United States, 578 U.S. 189, 198-99 (2016) (Guidelines-calculation error resulting in incorrect Guidelines range will most often be sufficient to show prejudice; the Guidelines are the framework for sentencing and anchor the court's discretion, even if the sentencing judge sees a reason to vary from them).

First, the presentence report (PSR) relied upon by the district court states that the sentence for Count 4 was required to be imposed consecutively to every other count. However, Count 4 was only required to be imposed consecutively to the sentence for Count 5, and could have been imposed to run concurrently with any other count except Count 1 (which was required to run consecutively to all other counts). See 18 U.S.C. § 2250(d) (minimum sentence of 5 years must be imposed consecutively to the punishment provided for the underlying failure to register violation). Second, despite excluding Count 4 from grouping while calculating the Guidelines range, the PSR used its 60-month mandatory minimum sentence to raise the floor of the Guidelines range for the grouped counts. See U.S.S.G. § 5G1.2(a) (when statute specifies a term of imprisonment and requires it to be imposed to run consecutively to any other term of imprisonment, the sentence shall be determined by that statute and imposed independently).

Further, while the district court referenced a variance of 49 months above the Guidelines range for Count 3, we note that Roubideaux's total sentence constitutes a 191-month upward variance from the top of the Guidelines range (251 months, consisting of 120 months for Count 1, 60 months for Count 4, and 71 months for the top of the calculated Guidelines range). Cf. U.S.S.G. § 5G1.2 comment. (n.1.) (court should determine the total punishment based on the Guidelines range produced by the defendant's combined adjusted offense level and criminal history category, then impose the total punishment on each count with all sentences running concurrently; if no count carries a statutory maximum sentence adequate to accommodate the total punishment, the court should impose consecutive sentences to the extent necessary to achieve the total punishment). On remand, the court should consider whether it intends to impose a variance of this magnitude. Because Roubideaux will be resentenced, we do not consider the reasonableness of the current sentence.

We also note that the judgment does not set out a total sentence, and that the total sentence stated by the court appears to be based on a miscalculated total of the individual sentences. We do not address this issue at this time, given the remand for resentencing.

Accordingly, we affirm Roubideaux's conviction, vacate his sentence, and remand to the district court for resentencing.

_____