# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3998

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Jason Paul Wood, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 21, 2009
Filed: November 23, 2009

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Jason Paul Wood pled guilty to one count of mailing threatening communications in violation of 18 U.S.C. § 876(c). Wood appeals his sentence of 53 months' imprisonment. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court affirms.

I.

While incarcerated, Wood sent threatening letters to a federal judge. A competency examination found him sane and responsible for his acts.

During a plea hearing, the district court[1] discussed with Wood his mental health. The court also reviewed a 28-page report submitted by defense counsel, detailing Wood's psychiatric history and current mental capacity.

At sentencing, the district court stated that by the offense level and criminal history, Wood's advisory guideline range was 51 to 63 months. The court then sentenced him to 53 months, finding no basis for a variance. The court also explained that Wood, with greater criminal-history points, received a longer sentence than a co-defendant. Wood appeals, arguing that the district court erred by failing to consider the 18 U.S.C. § 3553(a) sentencing factors and imposing a substantively unreasonable sentence.

## II.

This court reviews sentencing determinations under a deferential abuse of discretion standard, first ensuring that the district court committed no significant procedural error. *See **United States v. Feemster***, 572 F.3d 455, 461 (8th Cir. 2009) (en banc), *citing **Gall v. United States***, 552 U.S. 38, 51 (2007). Procedural error includes failing to consider the § 3553(a) factors or adequately explain the chosen sentence. **Id.** Because Wood did not object at sentencing, this court reviews only for plain error. **United States v. Phelps**, 536 F.3d 862, 865 (8th Cir. 2008). To trigger plain error review, a defendant must first show an error. **Id.**

Wood contends that the district court failed to consider the relevant § 3553(a) factors. Although a court is not required to recite the § 3553(a) factors mechanically,

---

[1] The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

it must be clear from the record that the district court considered them in sentencing. *See* ***United States v. Left Hand Bull***, 477 F.3d 518, 521 (8th Cir. 2006). A court adequately addresses the factors if it references at least some of the considerations in § 3553(a). *See* ***United States v. Gray***, 533 F.3d 942, 944 (8th Cir. 2008). This court reviews the entire record, not merely the district court's sentencing statements. *See* ***Rita v. United States***, 551 U.S. 338, 357-58 (2007); ***United States v. Franklin***, 397 F.3d 604, 607 (8th Cir. 2005).

The district court here considered Wood's mental characteristics under § 3553(a)(1). The court stated on the record that it had read the mental competency examination, defense counsel's report, and the Presentence Report, in addition to discussing with Wood his mental health history. *See* ***United States v. Miles***, 499 F.3d 906, 909 (8th Cir. 2007) (this court presumes that a district court considered specific § 3553(a) factors where it hears argument about them). The district court also discussed Wood's § 3553(a)(6) disparity argument at sentencing, noting his co-defendant's lesser criminal-history points. Based on the entire record, the district court adequately considered the relevant § 3553(a) factors.

Wood nonetheless maintains that the district court should have explicitly referred, at sentencing, to his psychiatric history. However, "not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." ***Gray***, 533 F.3d at 944. *See also* ***Franklin***, 397 F.3d at 606 ("there is no requirement that the district court make specific findings relating to each of the factors considered"). In this case, the district court had reviewed Wood's mental health history and specifically addressed Wood's disparity claim, providing sufficient reasoning to support imposition of the sentence. *See* ***Rita***, 551 U.S. at 356 (noting that a court applying the guidelines need not provide a lengthy explanation of its reasoning). No error occurred in this case.

III.

Wood next argues that his 53-month sentence is substantively unreasonable because it is greater than necessary to promote the goals of § 3553(a). This court reviews the substantive reasonableness of a sentence for abuse of discretion. *Gall*, 552 U.S. at 51. A sentence within the sentencing guidelines is presumptively reasonable on appeal. *United States v. Toothman*, 543 F.3d 967, 970 (8th Cir. 2008).

Wood asserts that his sentence is unreasonable because his letters posed no harm to the judge as he lacked the ability to carry out his threats. Wood's assertion ignores the conduct at issue. Threats themselves create emotional turmoil in the lives of the recipients, causing intimidation the law attempts to prevent. *United States v. Austad*, 519 F.3d 431, 436 n.6 (8th Cir. 2008). Further, the district court was aware that Wood had sent multiple threatening letters. It was, therefore, reasonable to conclude that Wood's threats would increase if he were not deterred by a guidelines sentence. *See id.*

Wood also states that his history of mental illness justifies a downward variance. *See United States v. Myers*, 503 F.3d 676, 687 (8th Cir. 2007). However, Wood has not shown that the district court failed to consider his mental health history. Although not specifically addressing his mental health at sentencing, the court clearly knew about Wood's psychiatric history. The district court did not abuse its discretion by sentencing near the bottom of the guidelines range.

IV.

The judgment of the district court is affirmed.

_____