# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3304

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Joseph Stone, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: April 14, 2010
Filed: May 10, 1010

_____

Before RILEY, Chief Judge, COLLOTON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Joseph G. Stone pled guilty to six counts involving the manufacture of methamphetamine in violation of 21 U.S.C. §§ 841, 846, and 858. Stone appeals his sentence of 235 months' imprisonment. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court affirms.

## I.

Stone and his wife were indicted for manufacturing meth in their St. John, Missouri, home from January 2007 to April 2008. The district court[1] calculated Stone's total offense level as 35 and his criminal history category as IV. His advisory Guideline range was 235 to 293 months' imprisonment. Stone does not object to the calculation of the range. He argues the district court erred at sentencing by relying on erroneous facts, by applying a presumption of reasonableness to the Guidelines, by creating an unwarranted sentencing disparity between him and his wife, and by failing to grant a downward variance for time served on a separate state charge.

## II.

This court reviews sentencing determinations for abuse of discretion, first ensuring that the district court committed no significant procedural error. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc), *citing Gall v. United States*, 552 U.S. 38, 51 (2007). Procedural error includes selecting a sentence based on clearly erroneous facts, treating the Guidelines as mandatory, or failing to consider the § 3553(a) factors. *Gall*, 552 U.S. at 51. "If the decision was 'procedurally sound,' we then review the 'substantive reasonableness of the sentence' . . . considering the totality of the circumstances." *United States v. Shy*, 538 F.3d 933, 937 (8th Cir. 2008), *quoting Gall*, 552 U.S. at 51. Because Stone did not object at sentencing, this court reviews only for plain error. *United States v. Phelps*, 536 F.3d 862, 865 (8th Cir. 2008). "To trigger plain error review, a defendant must first show an error." *United States v. Wood*, 587 F.3d 882, 884 (8th Cir. 2009).

---

[1] The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

According to Stone, the district court erred by basing his sentence, in part, on the fact that he caused his wife to become involved in the offense, when no such finding was made or suggested by the evidence. The court stated:

> You've been to prison three times. You put your son at risk on this – during this matter. You involved your wife in it and she's going to prison too, later on today and you did all of this while you were already on probation and so at that point – I don't know how much leniency I can really give you in clear conscience. I'm impressed that you've secured drug treatment and that you've been successful with it later and I also believe that you're genuinely remorseful but at the same time, you know, it's time to pay your debt to society.

The Presentence Investigation Report stated that Stone was more culpable in the offense because he actually "cooked" the meth, while his wife was less culpable because she only purchased pseudoephedrine and assisted Stone by scraping matchbooks to obtain red phosphorous and "popping" pseudoephedrine tablets from blister packs. Stone did not object to these facts, which the district court correctly accepted as true. *See United States v. Azure*, 596 F.3d 449, 454 (8th Cir. 2010). The court also relied on Stone's criminal history, which was much more extensive than his wife's, in concluding that Stone caused his wife's involvement in the offense. The district court did not clearly err in these findings or by relying on them to craft a sentence. *See* **18 U.S.C. § 3553(a)(1)** ("[I]n determining the particular sentence to be imposed, [the court] shall consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant.").

Stone contends that the district court erred by applying a presumption of reasonableness to a sentence within the Guideline range. He points to the court's statement, "I don't know how much leniency I can really give you in clear conscience." Stone claims this statement suggests the district court believed its leniency was constrained by the Guidelines. To the contrary, in context the

statement shows that the court's sentence was based on Stone's actions and criminal history. Additionally, at the plea hearing, the court informed Stone that "the guidelines are simply guidelines and the Court will not be bound by those guidelines in imposing a sentence against you." The district court did not apply a presumption of reasonableness to a within-Guidelines sentence.

Stone argues the district court erred by creating an unwarranted sentencing disparity between him and his wife. The court sentenced Stone to 235 months' imprisonment and his wife to 44 months' imprisonment. Section 3553(a)(6) states the sentencing court should consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." With 13 felony convictions over two decades–compared to his wife's one misdemeanor municipal conviction–the two do not have similar records. Moreover, Stone was found to be more culpable. Stone is not similarly situated to his wife. The district court did not err in creating an unwarranted sentencing disparity.

Stone contends the court erred in refusing to grant a downward variance, citing § 5G1.3 (time served on an undischarged term of imprisonment). In his sentencing memorandum to the district court, Stone argued for a downward departure under application note 3(E) to § 5G1.3(c). That note provides that a departure may be appropriate "in an extraordinary case involving an undischarged term of imprisonment . . . to ensure that the combined punishment is not increased unduly by the fortuity and timing of separate prosecutions and sentencings." The note cites, as an example, "a case in which the defendant has served a very substantial period of imprisonment on an undischarged term of imprisonment that resulted from conduct only partially within the relevant conduct for the instant offense." **§ 5G1.3, cmt. app. n.3(E)**. At the time of sentencing, Stone was serving an undischarged term of imprisonment on a state charge for possession of meth on June 14, 2004, over two years before the offense conduct here. Therefore, the state

charge did not involve conduct even partly within the relevant conduct to the instant offense, nor is this an extraordinary case. The district court did not err in refusing to grant a downward variance.

Stone argues that his sentence was "greater than necessary to achieve an incremental punishment." To the extent Stone claims his sentence was substantively unreasonable, this argument fails. While the district court may not presume a sentence within the Guideline range is reasonable, this court may. *See United States v. Battiest*, 553 F.3d 1132, 1136 (8th Cir. 2009). Stone does not rebut this presumption. The district court did not err in sentencing Stone to 235 months, when the unchallenged Guideline range was from 235 to 293 months.

## III.

The judgment of the district court is affirmed.

_____