# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3670

_____

United States of America

*Plaintiff - Appellee*

v.

Mark Anthony Jones, also known as Training Day, also known as Money Mark

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: May 23, 2014
Filed: July 1, 2014
[Published]

_____

Before RILEY, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Mark Anthony Jones pled guilty to attempting to aid and abet the possession with intent to distribute approximately 1000 pounds of marijuana, in violation of 21

U.S.C. §§ 841 and 846. The district court[1] sentenced Jones to 104 months imprisonment, which was at the lower end of the Sentencing Guidelines range. Jones appeals the sentence.[2] We affirm.

Jones was a policeman with the Little Rock Police Department from 1988 until his arrest. In early 2012, an undercover FBI agent contacted Jones to see if Jones would provide police-escort services to large shipments of marijuana entering Little Rock. Jones agreed to escort the large drug shipment and enlisted his brother, who was also a LRPD officer, to assist. Jones and his brother were to be compensated $10,000 for their efforts. Shortly after providing the police-protection services, Jones was arrested. Jones pled guilty to one count of aiding and abetting the possession with the intent to distribute 1000 pounds of marijuana. At sentencing, the court determined Jones's sentencing range was 97 to 121 months. After hearing Jones's mitigating evidence, the district court determined that a within-range sentence of 104 months was appropriate.

On appeal, Jones contends that (1) the district court committed procedural error by failing to sufficiently consider the 18 U.S.C. § 3553(a) factors and by failing to adequately explain his sentence and (2) the sentence he received is substantively unreasonable. Because Jones failed to object on either ground at sentencing, we review for plain error. See United States v. Blackmon, 662 F.3d 981, 986 (8th Cir. 2011).

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, now retired.

[2]The Government contends that Jones's appeal is barred by an appeal waiver. We decline to address the validity of the appeal waiver because, even assuming Jones's waiver does not preclude appeal, Jones is not entitled to relief. See e.g., United States v. Richardson, 581 F.3d 824, 825 (8th Cir. 2009) (per curiam).

First, the district court did not commit procedural error. "Procedural error includes failing to consider the § 3553(a) factors or adequately explain the chosen sentence." United States v. Wood, 587 F.3d 882, 883 (8th Cir. 2009). The record must make clear that the court considered the section 3553(a) factors in sentencing. Id. at 883. Moreover, although the sentencing judge "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," "when a sentencing judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Rita v. United States, 551 U.S. 338, 356-57 (2007).

Here, the district court acknowledged Jones's good record with the police department, his lack of criminal history, and the credible witnesses who gave sincere testimony of Jones's character. Nonetheless, the court reasoned that Jones "abandoned what was a commendable career in law enforcement" in order to make money by aiding and abetting drug trafficking. The court noted the seriousness of a police officer using his position of trust in the community to further a criminal enterprise. Finally, the judge considered the need for deterrence and compared Jones's sentence to sentences given to defendants in similar circumstances. In light of the court's discussion, we are satisfied that the court adequately considered section 3553(a)'s factors and explained the chosen sentence. See Wood, 587 F.3d at 884 ("A court adequately addresses the factors if it references at least some of the considerations in § 3553(a)."); United States v. Gray, 533 F.3d 942, 944 (8th Cir. 2008) ("If a district court references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute." (internal quotation marks omitted)).

Second, Jones's within-range sentence was not substantively unreasonable. "We review the reasonableness of a sentence under the deferential abuse-of-discretion standard. A within-range sentence is presumptively reasonable." United States v.

Huston, 744 F.3d 589, 593 (8th Cir. 2014) (internal quotation marks omitted). "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). Here, the district court weighed Jones's lack of criminal history, the characteristics of the offense, and Jones's prior service as a police officer in reaching the sentence it imposed. Given the court's reliance on the section 3553(a) factors and the specifics of Jones's offense, Jones has failed to rebut the presumption of reasonableness afforded a within-range sentence.

The judgment of the district court is affirmed.

_____