# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2912
_____

United States of America

*Plaintiff - Appellee*

v.

Jody Eugene Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: May 11, 2015
Filed: August 3, 2015
[Published]

_____

Before WOLLMAN, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jody Eugene Smith appeals the 720-month sentence that the district court[1] imposed for child pornography offenses. Smith argues that the district court procedurally erred and that the sentence is substantively unreasonable. We affirm.

## I. *Background*

On August 25, 2013, Smith created an online photo-sharing account under the username "Friendofset." His user profile stated that he was "[a]lways looking for trades. You first of [course]. Also have he. Pics and vids. You first."

Several law enforcement agencies independently observed Smith's illicit online activities. On August 29, 2013, Smith traded naked pictures via the internet of his ten-year-old stepdaughter, M.S., with an undercover officer in Australia. On September 12, 2013, Smith offered to trade pornographic pictures of his step-daughter via the internet for purported pornographic pictures of an undercover Homeland Security agent's daughter. Also on September 12, Smith communicated with an undercover officer from the Florida Department of Law Enforcement, who represented that he had a 13-year-old daughter. Smith told the undercover Florida officer that he wanted to come to Florida during a planned vacation in November 2013 to engage in sexual relations with the officer's 13-year-old daughter and record the encounter on video. On September 17, 2013, Smith sent a sexually explicit picture of M.S. to the undercover Florida officer; later that same day, Smith sent another picture of M.S.'s genitals to the undercover Florida officer.

On September 19, 2013, law enforcement executed a valid search warrant for Smith's residence. During the subsequent search, Smith agreed to exit his residence and wait in a law enforcement vehicle. When informed of the reason for the search, Smith stated that the officers must be there because of "friendofset." He admitted that

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

he had an ongoing history of viewing child pornography that started when he was a child and that the police were likely to find several hundred photos of child pornography on his computer. Officers indeed found over 800 photos and 144 video files on Smith's laptop depicting child pornography. Smith also stated that he used the internet to receive and trade child pornography files. Smith further admitted that he had several sexual encounters with his minor stepdaughter, R.S., since she was five years old, as well as touched the genitals of M.S. Finally, Smith admitted that he used pen cameras to take pictures and videos of both of his stepdaughters in the shower. Officers found the pen cameras, which had 11 video files and over 600 photos of R.S., M.S., and one of their friends as they were naked in the bathroom.

The government indicted Smith on four counts: Count I charged Smith with production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e); Count II charged Smith with attempted production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e); Count III charged Smith with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1); and Count IV charged Smith with the transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1). Smith eventually pleaded guilty to all four counts of the indictment pursuant to a plea agreement.

At the sentencing hearing, the district court indicated that it had read and reviewed the presentence investigation report (PSR) in preparation of the hearing. It next calculated the Guidelines offense level at 43 and Smith's criminal history category at II. The court calculated Smith's Guideline sentence to be life imprisonment. Smith later reminded the court that the parties' plea agreement stipulated "a [downward] variance of the total offense level by four levels to adequately reflect the seriousness of the offense." The court acknowledged the stipulation, stating that Smith was "correct in that. And with that, the range would be I think 292 to 365 months." Next, the parties offered brief oral argument regarding the appropriate sentence for Smith within that Guidelines range. Among other things,

Smith argued that the court should consider abuses that he suffered as a child and sentence him at the low end of the Guidelines range.

After argument, the court offered its reasoning before for imposing its sentence. It stated that "there are some things, Mr. Smith, that are just so vile and horrendous that the dismay, the disdain, the distastefulness of them is so bad that it's the same as witnessing it yourself firsthand. This is one of those circumstances." Addressing Smith's difficult childhood, the court stated that "[i]t's very difficult, very, very difficult, Mr. Smith, to find anything that excuses such conduct like this." The court next imposed a sentence on Smith "pursuant to the Sentencing Reform Act of 1984 as well as the provisions of 18 U.S.C. [s]ection 3553(a)" of 360 months for Count I and 360 months for Count II to be served consecutively; the court also imposed sentences of 240 months for both Counts III and IV to be served concurrently. Thus, the court imposed a total sentence of 720 months' imprisonment. Smith did not object to this sentence before the district court.

## II. *Discussion*

On appeal, Smith argues that the district court committed procedural error and that the sentence is substantively unreasonable.[2] Smith first argues that the district

---

[2]As a preliminary matter, the parties both address whether this appeal should be dismissed based on the enforceability of an appeal waiver in the parties' plea bargain agreement. "[T]he burden of proof is on the Government to demonstrate that a plea agreement clearly and unambiguously waives a defendant's right to appeal." *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003) (en banc) (citation omitted). "To meet this burden, the government must establish: (1) that the appeal is within the scope of the waiver, (2) that the defendant entered into the waiver knowingly and voluntarily, and (3) that dismissing the appeal based on the defendant's waiver would not result in a miscarriage of justice." *United States v. Mink*, 476 F.3d 558, 562 (8th Cir. 2007) (quotation and citation omitted). The government has conceded that they cannot meet their first burden because the appeal is not within the scope of the appeal waiver. While the parties argue over other elements of the government's burden, the government's concession makes this a nonissue.

court procedurally erred by "failing to consider the factors of 18 U.S.C. § 3553(a) in reaching an appropriate sentence." *See, e.g.*, *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) ("Procedural error includes . . . failing to consider the § 3553(a) factors . . . ." (quotations and citations omitted)). Smith also argues that the district court did not reference the issues presented in the PSR (likely referring to Smith's childhood) and failed to provide its reasoning for the sentence.[3] "If a defendant fails to timely object to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error. Under plain-error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." *United States v. Phelps*, 536 F.3d 862, 865 (8th Cir. 2008) (citations omitted).

"A court adequately addresses the factors if it references at least some of the considerations in § 3553(a)." *United States v. Wood*, 587 F.3d 882, 884 (8th Cir. 2009) (citations omitted). Here, the court read the PSR, which is one indication of considering § 3553(a) factors. *See Wood*, 587 F.3d at 884 (the district court's review of the PSR was a factor in finding that the court considered § 3553(a) factors). Also, the court's description of Smith's actions as being "so vile and horrendous that the dismay, the disdain, the distastefulness of them is so bad that it's the same as witnessing it yourself firsthand" evinces consideration by the court of the seriousness of Smith's offense. *See* 18 U.S.C. § 3553(a)(2). The court's follow-up statement that "[i]t's very difficult, very, very difficult, Mr. Smith, to find anything that excuses such conduct like this" is an indication that the court considered but gave little weight to Smith's history and characteristics. *See id.* § 3553(a)(1). Finally, the court explicitly

---

[3]While Smith originally submitted these arguments to show that the sentence is substantively unreasonable, these arguments are better categorized as asserting procedural error. *See United States v. Moore*, 565 F.3d 435, 437 (8th Cir. 2009) (applying a plain-error review standard for the defendant's procedural error arguments that "the district court failed to adequately consider the 18 U.S.C. § 3553(a) factors and failed to sufficiently explain its sentencing decision." (citation omitted)); *see also Feemster*, 572 F.3d at 461.

stated that its sentence was based on "the provisions of 18 U.S.C. [s]ection 3553(a)." Therefore, we find no error, plain or otherwise, because the district court adequately addressed the § 3553(a) factors, addressed the issues presented in the PSR, and adequately explained its reasoning for the sentence.

Second, Smith argues that the total punishment of 720 months' imprisonment is substantively unreasonable because it is greater than necessary to meet the federal sentencing goals under 18 U.S.C. § 3553(a). We review the substantive reasonableness of a sentence under an abuse-of-discretion standard regardless of the defendant's failure to raise this objection before the district court. *United States v. Bolivar-Diaz*, 594 F.3d 1003, 1005 (8th Cir. 2010). Smith argues that given the Guidelines range of "292 to 365 months, a sentence of 720 months without any explanation must be deemed unreasonable." We disagree. "If the defendant's sentence is within the Guidelines range, then we may . . . apply a presumption of reasonableness." *Feemster*, 572 F.3d at 461 (quotation and citation omitted). Here, the sentences imposed for Counts I and II of 360 months were both within the Guidelines range of 292 to 365 months. Also, the imposition of consecutive, as opposed to concurrent, sentences for these two counts does not amount to an abuse of discretion given the nature of the offenses. In *United States v. Beasley*, we affirmed a defendant's sentence of 3,480 months' imprisonment. 688 F.3d 523, 527 (8th Cir. 2012). This sentence was the result of "within-Guidelines consecutive sentences of 360 months on counts I through VIII and count X, and 240 months on count IX, to be served concurrently with 120-month sentences on counts XI and XII." *Id.* at 534. We found that "[t]he district court was entitled, based on the seriousness of Beasley's crimes, to impose a within-Guidelines sentence ensuring Beasley remains incarcerated for life." *Id.* at 536 (citing *United States v. Betcher*, 534 F.3d 820, 827–28 (8th Cir. 2008) (affirming a convicted child pornographer's 750-year sentence, reasoning "[t]he absurdity of a 750 year sentence, or even a 10,000 year sentence, should not detract from the gravity of [the defendant's] crimes")). Given the similarity to *Beasley* and

*Betcher*, we find no abuse of discretion in the court's imposition of a 720-month sentence.

### III. *Conclusion*

For the reasons stated herein, we affirm Smith's sentence.

_____