# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3705

_____

United States of America

*Plaintiff - Appellee*

v.

Delveccio Lavell Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 14, 2019
Filed: December 16, 2019
[Unpublished]

_____

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Following the entry of his guilty plea to one count of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), the district court[1] sentenced Delveccio Smith to 94 months imprisonment. Smith appeals,

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

arguing the district court imposed a substantively unreasonable sentence.  Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

In July 2015, Minneapolis police officers responded to the sound of shots being fired and observed a vehicle flee from the area.  Officers located the vehicle and apprehended Smith and Jimmy Martin standing outside of it.  Officers also located a loaded firearm in the nearby bushes.  Smith was arrested and released without charge pending forensic examination of the seized firearm.  The forensic examination later revealed Smith's fingerprint on the magazine located in the firearm.  At the time of the July 2015 incident, Smith was on supervised release for federal convictions from 2007 for drug trafficking and discharging a firearm in furtherance of drug trafficking.  Smith had completed a 78-month sentence for those convictions as well as an additional 10-month sentence after the district court revoked his supervised release due to various supervised release violations.

In October 2015, a single indictment charged both Smith and Martin with being felons in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and arrest warrants were issued.  Smith remained at-large until February 2017 when he was arrested in Iowa for committing state criminal offenses.  Smith pled guilty in Iowa state court to eluding law enforcement, child endangerment, introducing a controlled substance into a detention facility, and possessing heroin with intent to deliver.  After being sentenced in state court, Smith was brought to federal court in 2018 for the July 2015 offense.  After filing a waiver of indictment, Smith pled guilty to being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) pursuant to the government's amended information.

The presentence report prepared by Smith's probation officer calculated a total offense level of 21 and a criminal history category of VI, which resulted in a United

States Sentencing Guidelines range of 77 to 96 months imprisonment. At sentencing, Smith argued for a below-Guidelines range sentence of 63 months to be served concurrently with his state sentence based on the fact that Martin, his co-defendant in the original indictment, was sentenced to 63 months imprisonment to be served concurrently with his state sentence. The district court rejected this argument and sentenced Smith to 94 months imprisonment to be served consecutively to the state sentence. This appeal of the 94-month sentence followed.

## II.

Smith argues the district court imposed a substantively unreasonable sentence because Martin received a shorter sentence than Smith and the district court ordered Martin's sentence to run concurrently with his state sentence. "We review a sentence for substantive reasonableness by applying an abuse-of-discretion standard." United States v. Moore, 565 F.3d 435, 437-38 (8th Cir. 2009). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007). We presume a sentence is substantively reasonable if it is within the Guidelines range. Rita v. United States, 551 U.S. 338, 347 (2007).

Smith's sentence is within the Guidelines range and thus presumed reasonable. Nevertheless, based on his allegations that Martin's criminal conduct in the instant offense was more serious than his own and that both defendants had equally lengthy criminal records and relying on United States v. Lazenby, 439 F.3d 928 (8th Cir. 2006), Smith asserts that the district court failed to properly consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). However, Smith's reliance on Lazenby is misplaced. Lazenby involved a 75-month sentencing

disparity between co-conspirators. 439 F.3d at 929. Smith and Martin are not co-conspirators. Further, this Court has "limited the Lazenby decision to the unusual circumstances presented in that case, which included a consolidated appeal involving both conspirators that permitted a remand for resentencing of both parties." United States v. Hemsher, 893 F.3d 525, 535 (8th Cir.) (internal quotation marks omitted), cert. denied, 139 S. Ct. 470 (2018). Finally, Smith's argument "founders on a mistaken premise" because even between co-conspirators, "[t]he statutory direction to avoid unwarranted disparities among defendants . . . refers to national disparities, not differences among co-conspirators." United States v. Pierre, 870 F.3d 845, 850 (8th Cir. 2017).

In any event, the sentencing disparity was warranted here. First, Smith's Guidelines range was higher than Martin's, which the district court determined was 51 to 63 months. Second, Smith's extensive criminal history adequately supported the length of the sentence as well as the decision to run the sentence consecutively to his state sentence. Specifically, the district court cited Smith's 78-month federal sentence from his 2007 convictions as well as his Iowa state convictions for the offenses that he committed while fleeing from this prosecution and while on supervised release. "While the district court clearly 'assign[ed] . . . greater weight' to [Smith's criminal history] than it did to other factors, under § 3553(a), it had 'wide latitude' to do so." United States v. Wisecarver, 911 F.3d 554, 558 (8th Cir. 2018) (first alteration and omission in original) (quoting United States v. Maxwell, 664 F.3d 240, 247 (8th Cir. 2011)). We conclude that the district court did not abuse its discretion in imposing a 94-month sentence to be served consecutively to Smith's state sentence.

The judgment is affirmed.

_____