# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2885

_____

United States of America

*Plaintiff - Appellee*

v.

Jason D. Bates

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 16, 2020
Filed: July 20, 2020
[Unpublished]

_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Jason Bates pled guilty to possession with intent to distribute heroin within a protected location, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 860; possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and distribution of heroin resulting in serious bodily injury, in violation of

21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The district court[1] sentenced Bates to 300 months imprisonment to be followed by six years of supervised release. Bates appeals, asserting that the sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

At sentencing, the district court found Bates's United States Sentencing Guidelines range to be 360 months to life. Although Bates requested a downward variance to 240 months, the court varied downward 60 months and imposed a sentence of 300 months. Bates does not assert that the district court committed procedural error. Instead, he challenges the substantive reasonableness of the below-Guidelines range sentence.

This Court reviews the substantive reasonableness of a sentence for an abuse of discretion. United States v. Smith, 795 F.3d 868, 872 (8th Cir. 2015) (per curiam). "A sentence is substantively unreasonable if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Lozoya, 623 F.3d 624, 626 (8th Cir. 2010) (internal quotation marks omitted). "[I]t is nearly inconceivable that a sentence is so high as to be substantively unreasonable and constitute an abuse of discretion when the district court imposed a below-Guidelines sentence[.]" United States v. Bevins, 848 F.3d 835, 841 (8th Cir. 2017) (internal quotation marks omitted).

Although Bates concedes that the district court considered appropriate factors, he argues that his sentence "lies outside the limited range of choice dictated by the facts of the case," because it would create an impermissible sentencing disparity

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

between him and other "defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6). Bates points to a defendant in a separate case who received a 240 month sentence and to one of Bates's illegal drug-customers who testified at Bates's sentencing and who received a sentence of 151 months. But "[a]n argument that non-conspirator defendants received shorter sentences for comparable offenses is at base a disagreement with the weighing of § 3553(a) factors. This disagreement does not demonstrate an abuse of discretion." United States v. Soliz, 857 F.3d 781, 783 (8th Cir. 2017) (internal citation omitted).

Moreover, Bates has not shown an unwarranted sentencing disparity between himself and these comparators, as the factual circumstances of Bates's case are significantly different from theirs, including the fact that Bates: unlawfully possessed a firearm in proximity to a stash of illegal drugs, made no attempt to cooperate with law enforcement, and was a manager or supervisor of criminal activity which took place near a school. These were aggravating circumstances not present in the other cases. That the district court placed less weight on the sentencing disparity factor in light of these differences was not an abuse of discretion. See United States v. Morais, 670 F.3d 889, 893 (8th Cir. 2012) ("A district court has substantial discretion in determining how to weigh the § 3553(a) factors.").

Further, the district court carefully considered relevant § 3553(a) factors. "Where the district court in imposing a sentence makes 'an individualized assessment based on the facts presented,' addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable." United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 50 (2007)).

This is not the "nearly inconceivable" case in which a below-Guidelines sentence is substantively unreasonable. We affirm the judgment of the district court.

_____