# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-2586

_____

United States of America

*Plaintiff - Appellee*

v.

Barry Ron Skog

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: April 14, 2020
Filed: July 20, 2020
[Unpublished]

_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Barry Ron Skog pled guilty pursuant to a plea agreement to one count of sale of counterfeit coins, in violation of 18 U.S.C. § 485, and one count of mail fraud, in

violation of 18 U.S.C. § 1341. The district court[1] sentenced Skog to 30 months imprisonment to be followed by three years of supervised release. No fine was imposed but restitution in the amount of $40,610.29 was ordered. Skog appeals, asserting that the sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

In 2003, Skog, a life-long rare coin enthusiast, opened a business in Burnsville, Minnesota, which engaged in the sale of rare coins. Skog utilized the United States Postal Service to mail inventory lists to prospective customers and to mail coins purchased by customers. In 2006, the Better Business Bureau and local police began receiving complaints that Skog was selling counterfeit coins. In 2010, Skog was sued in federal court by Professional Coin Grading Service (PCGS), a manufacturer of tamper-proof plastic coin holders which are used in the industry to verify coins as authentic, for using imitation PCGS coin holders to defraud customers with counterfeit coins. Skog was enjoined from selling counterfeit coins or using real or imitation PCGS holders. Nevertheless, from 2012 to 2015, Skog sold counterfeit coins using the United States Postal Service. When law enforcement officers executed a search warrant for Skog's home, they found hundreds of counterfeit coins along with genuine PCGS coin holders. Two-hundred-and-seventy-five of the coins had been advertised as genuine in lists mailed to customers. If genuine, the coins would have been worth hundreds of thousands of dollars.

The district court found Skog's United States Sentencing Guidelines range to be 33 to 41 months. Skog requested that the district court vary downward and impose a sentence of one month imprisonment. The United States sought a sentence within the Guidelines range. The district court varied downward and imposed a sentence of

---

[1]The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota.

30 months imprisonment.  Skog asserts that the below-Guidelines range sentence is substantively unreasonable.

We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Smith, 795 F.3d 868, 872 (8th Cir. 2015) (per curiam).  "A sentence is substantively unreasonable if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors."  United States v. Lozoya, 623 F.3d 624, 626 (8th Cir. 2010) (internal quotation marks omitted).  "[I]t is nearly inconceivable that a sentence is so high as to be substantively unreasonable and constitute an abuse of discretion when the district court imposed a below-Guidelines sentence[.]"  United States v. Bevins, 848 F.3d 835, 841 (8th Cir. 2017) (internal quotation marks omitted).

Skog does not argue that the district court considered improper or irrelevant factors or failed to consider a relevant factor.  Instead, he contends that the district court gave too much weight to factors such as deterrence, Skog's criminal history, and the need to protect the public, and not enough weight to Skog's age (64 years old at sentencing), his poor health, his remorse, the prospects for Skog to make restitution to his victims if not imprisoned, and his mental and emotional state which led to his committing these crimes.  However, "[w]here the district court in imposing a sentence makes 'an individualized assessment based on the facts presented,' addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable."  United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 50 (2007)).  "While the district court clearly 'assign[ed] . . . greater weight' to [some factors] than it did to other factors, under § 3553(a), it had 'wide latitude' to do so."  United States v. Wisecarver, 911 F.3d 554, 558 (8th Cir. 2018) (first and second alterations in original) (quoting United States v. Maxwell, 664 F.3d 240, 247 (8th Cir. 2011)).  The district court does

not abuse its discretion simply because it weighs the relevant § 3553(a) factors differently than the defendant thinks appropriate.  See United States v. Farmer, 647 F.3d 1175, 1179 (8th Cir. 2011).

At sentencing the district court heard and expressly considered Skog's argument concerning various mitigating factors, including his age and health; his past mental and emotional condition which he contends led to his criminal acts; his willingness and ability to make restitution, and that prospects for restitution will be jeopardized if Skog is imprisoned; his responsibilities in caring for his elderly mother; and, that his criminal history is exaggerated.  The district court expressly explained that the sentence was tailored to reflect that Skog has "more to offer this community."  And, no fine was imposed in order to assist Skog in making restitution. The court also acknowledged Skog's past hardships but found that they did not excuse his criminal acts.  The court highlighted the fact that Skog deceived innocent victims for years costing those victims thousands of dollars and noted that Skog showed blatant disrespect for the law by defying a federal court injunction by continuing to sell counterfeit coins ostensibly authenticated by PCGS.

Because the defendant "must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors," United States v. Townsend, 617 F.3d 991, 995 (8th Cir. 2010) (per curiam), we find that the district court did not abuse its discretion imposing the below-Guidelines range sentence in this case.

We affirm the judgment of the district court.

_____