# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2423

_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Sean Acton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: April 14, 2020
Filed: July 20, 2020
[Unpublished]

_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Anthony Acton pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced Acton to 96 months imprisonment to be followed by three years of supervised release. No fine was imposed. Acton appeals, arguing that the sentence is substantively unreasonable. Having jurisdiction under 18 U.S.C. § 1291, we affirm.

In August 2017, a Missouri state trooper stopped the vehicle driven by Acton in Columbia, Missouri after the officer noted that the vehicle's license plate number matched the number of the getaway vehicle involved in a home invasion which had occurred shortly before the stop. During the home invasion, the masked perpetrators threatened to shoot the home's resident with 9-millimeter handguns and took thousands of dollars in cash. A search of Acton's vehicle revealed over $7,000 in cash and a handgun matching the description of the weapon used during the home invasion. In the district court, Acton admitted that he was a convicted felon and knew he could not legally possess firearms.

The district court calculated Acton's United States Sentencing Guidelines range to be 51-63 months. The United States recommended a sentence at the high end of the range and Acton sought a sentence at the low end. The district court varied upward and imposed a sentence of 96 months imprisonment.

We review the substantive reasonableness of a sentence for an abuse of discretion. United States v. Smith, 795 F.3d 868, 872 (8th Cir. 2015) (per curiam). "A sentence is substantively unreasonable if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but

---

[1]The Honorable Roseann Ketchmark, United States District Judge for the Western District of Missouri.

commits a clear error of judgment weighing those factors." United States v. Lozoya, 623 F.3d 624, 626 (8th Cir. 2010) (internal quotation marks omitted). "In conducting this review, we are to 'take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). However, it is "the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." Id. at 464 (quoting United States v. Gardellini, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

Acton asserts that his sentence is substantively unreasonable because the district court gave too much weight to his criminal history and did not give enough weight to his "history of poor family support, introduction to drugs at an early age by his father, lack of education, and history of mental illness." We reject this contention because "[w]here [as here] the district court in imposing a sentence makes 'an individualized assessment based on the facts presented,' addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable." United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (quoting Gall, 552 U.S. at 50). The district court has "wide latitude" in assigning greater weight to some § 3553(a) factors than others. United States v. Wisecarver, 911 F.3d 554, 558 (8th Cir. 2018). The district court does not abuse its discretion simply because it weighs the relevant § 3553(a) factors differently than the defendant thinks appropriate. See United States v. Farmer, 647 F.3d 1175, 1179 (8th Cir. 2011).

While the district court did discuss at some length Acton's criminal history, noting that Acton, who was 27 years old at sentencing, has a history of two burglary convictions, a revocation of probation, a pending robbery charge arising from the home invasion, as well as five other cases where robbery or burglary charges were either declined or dismissed, the court specifically noted that the upward variance was also based on the "characteristics of the defendant, the need for the sentence to reflect

the seriousness of the offense, the need to promote respect for the law, the need to provide just punishment, [and] the need to somehow deter Mr. Acton from continuing criminal conduct." The district court also heard Acton and his counsel describe Acton's "history of poor family support, introduction to drugs at an early age by his father, lack of education, and history of mental illness," and the court alluded to Acton's history of drug use and his family circumstances. See United States v. Wilcox, 666 F.3d 1154, 1157 (8th Cir. 2012) (noting that, where the defendant presented arguments about his mitigating factors at sentencing, the circuit court may presume that the district court considered those factors).

On appeal, Acton "must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors." United States v. Townsend, 617 F.3d 991, 995 (8th Cir. 2010) (per curiam). Because he has failed to do so, we conclude that the district court did not abuse its discretion in varying above the Guidelines range and imposing the sentence in this case.

We affirm the judgment of the district court.

_____