# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3337
_____

United States of America

*Plaintiff - Appellee*

v.

Richard Hall

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: April 10, 2023
Filed: June 13, 2023
[Unpublished]
_____

Before BENTON, ARNOLD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Richard Hall pled guilty to abusive sexual contact of a child and abusive sexual contact of an unconscious person, in violation of 18 U.S.C. §§ 2244(a)(5), 2244(a)(2), and 1153. The district court[1] sentenced him to 180 months in prison for

_____

[1]The Honorable Daniel M. Traynor, United States District Judge for the District of North Dakota.

abusive sexual contact of a child and a concurrent 36 months for abusive sexual contact of an unconscious person. He appeals the sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Hall believes the district court erred in varying upward and imposing an above-guidelines sentence. This court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). The court next considers the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

The court did not procedurally err in adopting the unobjected-to guidelines range set forth in the presentence investigation report. *See United States v. Battiest*, 553 F.3d 1132, 1136 (8th Cir. 2009) (holding no procedural error where the district court considered the PSR, letters from the parties, and heard argument on the issues). Determining that an upward variance was necessary, the court said:

> Richard Hall is facing sentencing for sexual conduct against a minor female on multiple occasions. The victim in this case was his niece of—a niece of Mr. Hall through marriage.
>
> Seriousness of the offense: Mr. Hall's actions against the minor victim in this case warrants a term of imprisonment. The impact of the sexual actions upon the minor in this case are far more serious and unknown at this time and will likely result in negative effects upon K.K. for the rest of her life. She's suffering from an addiction and interpersonal problems, self-worth problems and many other problems

very likely created by Mr. Hall and his conduct. He was an adult at the time that this conduct occurred and she was a child.

Protection to the community: An imprisonment sentence is needed in this case because the minor victim in this case feels victimization and that is warranted.

The Court also notes that, on the record here today and as noted by Mr. Hall's counsel, there is another victim who has been affected by the conduct of Mr. Hall, K.H. She indicated as much. Mr. Hall, through his attorney, has acknowledged that he victimized that person as well.

And as a result, the Court concludes that the sentencing guidelines in this case are not significant enough for a punishment for Mr. Hall. His conduct against these minor victims is egregious. It will result in harm to these young women for the rest of their lives and as a result, a 63-month sentence is wholly inappropriate for the conduct that occurred in this case.

. . . .

I've considered the entire file in this matter, the statements of counsel and the defendant, the sentencing guidelines and as indicated, the Court varies upward to a 15-year sentence under the 3553(a) factors. Five years, 90 months, is not enough, Mr. Hall. 15 years may not be enough but that's all that I'm willing to do based upon the guidelines in this case.

The district court properly considered the victims' emotional and psychological injuries as a basis for varying upward. *See United States v. Roberts*, 747 F.3d 990, 992 (8th Cir. 2014) (upholding an upward variance where there was testimony about the "extreme, long-lasting emotional and psychological injuries" the defendant "inflicted on his young victims"). Although Hall may disagree with how the district court weighed the § 3553(a) factors, it had "wide latitude" to do so. *See United States v. Wisecarver*, 911 F.3d 554, 558 (8th Cir. 2018). There was no abuse of discretion. *See United States v. Jackson*, 33 F.4th 523, 527 (8th Cir. 2022)

(affirming an upward variance of 305 months where the guidelines range "insufficiently accounted for the sentencing factors").

* * * * * * *

The judgment is affirmed.

_____